# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEMICHAEL L. HAMPTON and DONNA HAMPTON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV-08-451-SPS ) |
| INDEPENDENT SCHOOL DISTRICT NO. I-40 OF BRYAN COUNTY, OKLAOMA, a/k/a BENNINGTON PUBLIC SCHOOL DISTRICT; DAVID DEWALT, individually; and JIM PARRISH, individually, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER GRANTING DEFENDANTS'
## MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

The Motions [sic] to Dismiss of Defendants Independent School District No. I-40 of Bryan County, Oklahoma, David Dewalt and Jim Parrish [Docket No. 22] are hereby GRANTED, and the Amended Complaint [Docket No. 10] filed herein by the Plaintiffs is hereby DISMISSED. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* __ U.S. __ , 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The claims in the

Amended Complaint here lack plausibility for two reasons. First, the Amended Complaint is composed almost entirely of conclusory allegations, e. g., the allegation that "[t]he District's reaction to bullying and harassment of male students would have been different than its response to [the Plaintiff DeMichael Hampton's] claims of harassment." *See Iqbal,* 129 S.Ct. at 1949-50 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"), *quoting Twombly,* 550 U.S. at 555. Second, many of the factual allegations that *are* included in the Amended Complaint are at best consistent with (rather than plausibly suggestive of) possible liability by the Defendants, *e. g.*, the allegation that "[t]he District threatened to turn [the Plaintiff DeMichael Hampton] over to the District Attorney because of her repeated absences from school." *See Twombly,* 550 U.S. at 557 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [illegality] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'"). *See also Iqbal,* 129 S.Ct at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"), *quoting*

*Twombly,* 550 U.S. at 557, *and* at 1951-52 ("As between that 'obvious alternative explanation' for the arrests, and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion."), *quoting Twombly,* 550 U.S. at 567.

The Plaintiffs are hereby granted leave to file a Second Amended Complaint which "nudge[s] their claims across the line from conceivable to plausible" within twenty days hereof. *See Twombly,* 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). The Plaintiffs shall omit therefrom any claims they have admitted are not actionable in response to the Defendant's motion to dismiss, *e. g.*, most (if not all) of the claims asserted by the Plaintiff Donna Hampton.

IT IS SO ORDERED this 6th day of July, 2009.

_____
Steven P. Shreder
UNITED STATES MAGISTRATE JUDGE